**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Calvin CAMPS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 30, 2000.
Filed Feb. 21, 2001.

Calvin Camps, appellant, pro se.

Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Com., appellee.

Before STEVENS, LALLY–GREEN and MONTEMURO *, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Philadelphia County on November 12, 1999, dismissing without a hearing Appellant's petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

¶ 2 Following a bench trial held on August 1, 1994, Appellant was found guilty of criminal trespass, burglary, and criminal mischief. Thereafter, on October 5, 1994, Appellant entered a plea of guilty to additional charges of burglary and criminal conspiracy stemming from a separate incident. The cases were consolidated for sentencing purposes and, on February 6, 1995, Appellant was sentenced to an aggregate three (3) to ten (10) year term of imprisonment. Appellant filed a *pro se* motion for post-sentence relief that was

denied by the court on March 14, 1995. No direct appeal was filed.

¶ 3 Subsequently, on January 15, 1999, Appellant filed a *pro se* petition for post-conviction relief pursuant to the PCRA. The court appointed Sondra Rodrigues, Esquire, to represent Appellant in the matter. On August 19, 1999, Attorney Rodrigues filed a "no-merit" letter and requested to withdraw from the case pursuant to *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988). The court provided notice to Appellant pursuant to Pa.R.Crim.P. 1507 of its intent to dismiss the PCRA petition without a hearing. Following Appellant's response to the notice, the court, by order entered November 12, 1999, dismissed the petition without a hearing and permitted counsel to withdraw. This *pro se* appeal followed.

¶ 4 Herein, Appellant claims that trial counsel was ineffective for failing to file a direct appeal, and the Clerk of Courts interfered with Appellant's attempt to file the appeal on his own. He further contends that the Department of Corrections' failure to grant him parole is causing him to serve an illegal sentence. Finally, Appellant argues that Attorney Rodrigues was ineffective for filing a "no-merit" letter, and the PCRA court then erred in dismissing his petition without an evidentiary hearing.

¶ 5 Initially, we note that in reviewing the propriety of an order granting or denying PCRA relief, we are limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. *Commonwealth v. Howard,* 749 A.2d 941, 946 (Pa.Super.2000). Great deference is granted to

* Retired Justice Assigned to the Superior Court

the findings of the post-conviction court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Glover,* 738 A.2d 460 (Pa.Super.1999).

■ ¶ 6 It is a well-settled principle of law that if a PCRA petition is untimely, a court lacks jurisdiction to address the claims contained therein. *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780 (2000). Therefore, we must first determine whether Appellant's petition was filed in a timely manner.

¶ 7 The Legislature, on November 17, 1995, and effective sixty days thereafter, modified the requirement of when a PCRA petition must be filed. *See* 42 Pa.C.S.A. 9545(b); *Commonwealth v.. Crider,* 735 A.2d 730, 732 (Pa.Super.1999) (discussing implementation and mandate of 1995 alterations to Section 9545 of the PCRA). Title 42 Pa.C.S.A. § 9545(b)(1) provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final...." Pursuant to 42 Pa.C.S.A. § 9545(b)(3), "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

¶ 8 In the present case, the record reveals that Appellant's judgment became final after his motion for post-sentence relief was denied by the trial court on March 14, 1995, and the time for seeking review with this Court expired. *See* Pa. R.A.P. 903; 42 Pa.C.S.A. § 9545(b)(3). Thus, in order to satisfy the above-discussed timeliness requirements, Appellant had to file his PCRA petition within one year from April 13, 1995. Because his present petition was filed on January 15, 1999, clearly more than one year from the date his judgment became final, on its face, the petition is untimely.

■ ¶ 9 There exists, however, a *proviso* to the 1995 amendments which provides a grace period for petitioners whose judgments became final on or before the effective date of the amendments. An otherwise untimely petition is deemed timely provided the petition is a first petition filed within one year following the effective date of the amendments. Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1); *See Commonwealth v. Thomas,* 718 A.2d 326 (Pa.Super.1998) (*en banc* ).

¶ 10 As noted above, Appellant's sentence became final on April 13, 1995, which was before the effective date of the amendments; therefore, Appellant qualifies for the *proviso* to the amendments. Accordingly, in order to satisfy the timeliness requirement set forth therein, Appellant was required, barring the application of any of the exceptions enumerated below, to file his first PCRA petition by January 16, 1997, which was one year from the effective date of the amendments. The present petition was filed on January 15, 1999, and, therefore, was not filed within the grace period afforded first-time petitions.

¶ 11 Section 9545(b)(1) provides, however, that a petition which is filed in an untimely manner may be considered by the court when:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(i), (ii), (iii).

¶ 12 In the present case, Appellant does not contend that any of the above exceptions prevented him from filing a timely PCRA petition. Rather, he argues that due to governmental interference he was unable to file a **direct appeal** from his judgment of sentence. Specifically, he argues that although he requested trial counsel to do so, counsel failed to file a direct appeal.[1] He also claims that the Clerk of Quarter Sessions of Philadelphia County refused to file and submit to the appellate court a notice of appeal Appellant forwarded to the Clerk's Office. As such, Appellant has failed to allege any of the exceptions enumerated above as to his PCRA petition; thus, his petition is untimely.

¶ 13 In addition, however, a review of Appellant's PCRA petition filed on January 15, 1999, reveals that he failed to raise the above claims in his petition. As such, these claims are waived.[2] See Commonwealth v. Wallace, 555 Pa. 397, 406 n. 5, 724 A.2d 916, 921 n. 5 (1999) (stating that claims not raised in a PCRA petition presented to the PCRA court are not eligible for appellate review).

1. Appellant was required to assert any claim of ineffective assistance of trial counsel within the time requirements of PCRA discussed above. See Commonwealth v. Murray, 562 Pa. 1, 753 A.2d 201 (2000).

2. We note that in response to the "no-merit" letter filed by Attorney Rodrigues, Appellant submitted a letter stating, inter alia, as follows:

¶ 14 Appellant further contends that the Department of Corrections' failure to grant him parole upon completion of his minimum term of imprisonment is causing him to serve an illegal sentence. He argues that the failure to raise this claim in a timely manner was due to the fact that he was not made aware of such until he was actually denied parole by the Parole Board. See Appellant's Answer dated 9/9/99 at 3.

¶ 15 Title 42 Pa.C.S.A. § 9545(b)(2) states that, "[a]ny petition invoking an exception provided in [§ 9545(b)(1)] shall be filed within 60 days of the date the claim could have been presented ." A review of Appellant's PCRA petition and attachments thereto indicate that Appellant was first denied parole in December of 1997, but did not file the present PCRA petition until January of 1999. As such, the claim is untimely in that it was raised beyond the 60 day acceptable period of time. See Commonwealth v. Lark, 560 Pa. 487, 746 A.2d 585 (2000).

¶ 16 Moreover, however, it is well settled that the Pennsylvania Board of Probation and Parole has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years, as is Appellant. Commonwealth v. McMaster, 730 A.2d 524 (Pa.Super.1999); See 61 P.S. § 331.17. In addition, as stated by this Court in Commonwealth v. LeGrande, 389 Pa.Super. 457, 567 A.2d 693, 694–695 (1989), the Commonwealth Court main-

In the first place, petitioner is not challenging the stewardship of any prior counsel(s). This matter was fine and this petitioner was satisfied with the way that the matter had turned out until the DOC [Department of Corrections] and the PBPP [Pennsylvania Board of Probation and Parole] turned this petitioner down on parole causing this petitioner to now serve an illegal sentence.
Letter filed 9/9/99 at 5.

tains exclusive jurisdiction over appeals from administrative parole orders; as such, a PCRA petition is not the proper avenue for challenging the determination of the Parole Board.[3]

¶ 17 Finally, with regard to Appellant's claim that the PCRA court erred in denying his petition without an evidentiary hearing, there is no absolute right to a hearing pursuant to the PCRA. *Commonwealth v. Neal,* 713 A.2d 657 (Pa.Super.1998). A petition for post-conviction relief may be denied without a hearing when the court determines that there are no genuine issues concerning any material fact, and that the petitioner is not entitled to relief. Pa.R.Crim.P. 1507(a).

¶ 18 Based on the foregoing, we affirm the court's order dismissing Appellant's PCRA petition.

¶ 19 Affirmed.

---

**3.** We note that to the extent Appellant argues that he was entitled to release upon serving his minimum sentence, the release of a prisoner on parole is not a right, but rather a matter of discretion. *Commonwealth v. Gooslin,* 280 Pa.Super. 384, 421 A.2d 775 (1980). As such, Appellant's claim predicated on this basis is without merit.