J-S55033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRONE THOMAS, | : | |
| | : | |
| Appellant | : | No. 483 WDA 2015 |

Appeal from the PCRA Order Entered February 23, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0002359-2011
and CP-02-CR-0004968-2010

BEFORE:    FORD ELLIOTT, P.J.E., BENDER, P.J.E, and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 28, 2015**

Tyrone Thomas (Appellant) appeals *pro se* from the order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court previously summarized the history of this case as follows:

Following his arrest in connection with the March 14, 2010 shooting death of a retired firefighter, Mark Barry, Appellant was charged in the adult division of the trial court with criminal homicide, robbery, carrying a firearm without a license, and criminal conspiracy.  Additionally, following his arrest in connection with the March 21, 2010 shooting into the occupied residence of Portia Smithson, Appellant was charged in the adult division of the trial court with two counts of aggravated assault, four counts of recklessly endangering another person, one count of conspiracy, one count of discharging a firearm into an occupied structure, and one count of possessing a firearm by a minor.  Upon notice by the Commonwealth, the cases were joined, and on July 2, 2010, Appellant filed a counseled motion

_____

*Retired Senior Judge assigned to the Superior Court.

seeking to decertify the criminal proceedings and transfer the cases to the juvenile division.

Following a hearing on the matter, the trial court denied Appellant's motion to decertify the criminal proceedings, and on May 2, 2011, Appellant proceeded to a guilty plea hearing….

*Commonwealth v. Thomas*, 67 A.3d 838, 838-39 (Pa. Super. 2013) (footnotes omitted). The Commonwealth, per the plea agreement, recommended an aggregate sentence of 40 to 80 years of imprisonment. The trial court accepted the plea and imposed the negotiated sentence. On direct appeal, this Court affirmed the trial court's denial of his decertification motion. *Id.*

Appellant *pro se* filed a PCRA petition on October 15, 2013, but was subsequently granted leave by our Supreme Court to file a petition for allowance of appeal *nunc pro tunc*. The trial court initially appointed PCRA counsel, but later entered an order staying the PCRA action during the pendency of Appellant's direct appeal. Our Supreme Court denied Appellant's petition for allowance of appeal on April 4, 2014. *Commonwealth v. Thomas*, 89 A.3d 661 (Pa. 2014). Appellant filed another PCRA petition on May 6, 2014, stating substantially the same claims as in his original petition.

On September 2, 2014, PCRA counsel filed a motion to withdraw as counsel and a letter brief pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super.

- 2 -

1988) (*en banc*). On September 25, 2014, the PCRA court granted counsel leave to withdraw and issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On February 25, 2015, the PCRA court entered an order denying the petition.

Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a statement of errors complained of on appeal, and none was filed. In lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court pointed to its notice of intent to dismiss for its reasons for denying Appellant's petition. On appeal, Appellant presents this Court with several arguments that his guilty plea was induced by the ineffective assistance of plea counsel. Appellant's Brief at 2.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

We begin by noting that counsel is presumed to be effective. *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015). To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and

(3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Id.*

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (internal quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citation and internal quotation marks omitted).

In his brief, Appellant offers the following claims of plea counsel's ineffectiveness: (1) ignoring inconsistent statements and other evidence that called the credibility of witnesses into question, Appellant's Brief at 8-9; (2) coaching Appellant through the plea colloquy although he was aware that Appellant was under the influence of drugs at the time, *id.* at 8-11; and (3) failing to use "vital information" from Appellant's mother that "could make the entire interrogation illegal," *id.* at 8.

Appellant's claims regarding information known by his mother and his being under the influence of drugs at the time of the plea are not stated in either his 2013 or 2014 PCRA petition. Accordingly, they are waived. *See*, *e.g.*, *Commonwealth v. Camps*, 772 A.2d 70, 74 (Pa. Super. 2001) ("[A] review of Appellant's PCRA petition … reveals that he failed to raise the above claims in his petition. As such, these claims are waived.").

Appellant's remaining claim is that his plea was not knowing and voluntary because plea counsel ignored the fact that Appellant's co-defendant, his co-defendant's nephew, and his co-defendant's girlfriend gave inconsistent statements to detectives, Appellant's Brief at 7-9; and counsel did not consult with him after Appellant wrote to him, immediately after the plea, to say he "was unhappy with the plea and … wanted to withdraw the plea." PCRA Petition, 5/6/2014, at ¶ 8.

Appellant fails to address separately each of the three prongs necessary to establish ineffective assistance of counsel, and we could on that basis alone deny him relief. *See*, *e.g.*, *Commonwealth v. Steele*, 961 A.2d 786, 797 (Pa. 2008) ("[W]here Appellant has failed to set forth all three prongs of the ineffectiveness test and meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development.").

However, it is clear from the record that Appellant's claim warrants no relief. We find instructive the case of ***Commonwealth v. Brown***, 48 A.3d 1275 (Pa. Super. 2012). In that case, Brown made the argument "that he was essentially forced into pleading guilty because counsel did not adequately prepare for trial and did not adequately consult with" him. ***Id.*** at 1277. This Court rejected Brown's claim that he was entitled to PCRA relief as follows:

> The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather [a]ll that is required is that [the appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.
>
> A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled. Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea.
>
> [Brown's] position is that, because of all the foregoing points, he felt coerced, at the time of his plea hearing, to enter a guilty plea. However, at that hearing, [Brown] testified that it was his decision to plead guilty, and that he was satisfied with the representation provided by counsel. [Brown] is bound by the statements made during the plea colloquy, and he may not now offer contradictory reasons for withdrawing his plea. [Brown] may not be pleased with the results of entering a guilty plea, but he cannot now obtain relief by claiming he felt pressured by counsel to plead guilty.

***Id.*** at 1277-78 (internal citations and quotation marks omitted).

Similarly, in the instant case, Appellant indicated at his plea hearing, under oath, that he had fully discussed his case with counsel and was

- 6 -

satisfied with his attorney's assistance. N.T., 5/2/2011, at 5. He stated that he had not consumed any drugs or alcohol in the last 24 hours, and was not on any medication. *Id.* at 16. Appellant testified that he understood that he was giving up his right to affect his case favorably and to proceed to trial at which the Commonwealth would have to prove his guilt beyond a reasonable doubt. *Id.* at 14-15. Appellant acknowledged, both before and after the recitation of the factual basis of the plea, that he did the things the Commonwealth alleged. *Id.* at 18, 24. He testified that he understood the terms of the plea and was not pleading guilty because of any promises, threats, or other representations made to him to cause him to give up his right to a trial. *Id.* at 17.

Appellant is bound by his statements and cannot now claim that they were untrue. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) ("The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies."). The fact that he is unhappy with his decision to plead guilty does not warrant PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2015