J-S74030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RALTO LINDSAY | |
| Appellant | No. 2541 EDA 2015 |

Appeal from the PCRA Order July 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011932-2008

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 15, 2017**

Ralto Lindsay appeals from the order entered in the Philadelphia County Court of Common Pleas, dated July 23, 2015, dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA").[1]  Lindsay seeks relief from the judgment of sentence imposed on July 1, 2009, following his convictions of attempted murder, aggravated assault, possession of an instrument of crime ("PIC"), simple assault, and recklessly endangering

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

another person ("REAP").[2]    On appeal, Lindsay raises an ineffective assistance of counsel claim.  Based on the following, we affirm.

The PCRA court set forth the facts as follows:

On July 7, 2008 and July 20, 2008 the Defendant, Ralto Lindsay, engaged in two separate attacks on Linda Jeune.  On July 7, 2008, [Lindsay] and Ms. Jeune had an argument which culminated in [Lindsay] slamming Ms. Jeune against a brick wall and choking her while threatening her life.  Ms. Jeune sought medical treatment for her injuries and filed a Protection From Abuse order ("PFA") to be served against [Lindsay].  Ms. Jeune ultimately decided not to follow through with the necessary court procedures to finalize the PFA.  She later told [Lindsay] that she "needed some space."

On July 20, 2008, [Lindsay] called Ms. Jeune and attempted to reconcile with her.  Following this phone conversation, [Lindsay] entered the home and sliced Ms. Jeune's hand with a knife from the kitchen, severing the index finger of her left hand.  Ms. Jeune convinced [Lindsay] to let her go by telling him that they could fix their problems and "make it work." Ms. Jeune's reassurances ultimately calmed [Lindsay], who then left the room and proceeded downstairs with Ms. Jeune following closely.  As [Lindsay] headed toward the kitchen, Ms. Jeune ran out the door.  [Lindsay] chased Ms. Jeune down the street, calling her a liar, and slamming her into a parked van.  As Ms. Jeune lay on the ground, [Lindsay] stabbed her approximately eight to nine times.  [Lindsay] then proceeded to walk back towards the house while Ms. Jeune screamed for help and ultimately collapsed on a neighbor's property.

PCRA Court Opinion, 11/16/2015, at 1-2.

Lindsay was arrested and charged with attempted murder, aggravated assault, PIC, simple assault, and REAP.  On March 30, 2009, a non-consecutive four-day bench trial began.  On April 20, 2009, the court

_____

[2] 18 Pa.C.S. §§ 2502(a), 2702(a), 907(a), 2701(a), and 2705, respectively.

convicted Lindsay of all counts. On July 1, 2009, the court imposed the following sentence: (1) a term of 20 to 40 years' incarceration for the attempted murder charge; (2) a term of ten to 20 years' incarceration for the aggravated assault charge; and (3) a term of two and one half to five years' incarceration for the PIC count. All sentences were to be served consecutively.[3]

On July 31, 2009, Lindsay filed a notice of appeal. However, the appeal was dismissed on September 29, 2009 for failure to comply with Pa.R.A.P. 3517 (failure to file a docketing statement). Subsequently, on February 22, 2010, Lindsay filed a timely *pro se* PCRA petition, alleging ineffective assistance of counsel. On July 5, 2011, the PCRA court ordered that Lindsay's direct appeal rights be reinstated *nunc pro tunc*. Two days later, Lindsay filed a direct appeal, alleging his convictions for attempted murder and aggravated assault should have merged for sentencing purposes, and the trial court's deviation from the sentencing guidelines constituted an abuse of discretion. A panel of this Court affirmed the judgment of sentence on April 17, 2012. **Commonwealth v. Lindsay**, 48 A.3d 479 [1801 EDA 2011] (Pa. Super. 2012) (unpublished memorandum).

---

[3] The counts of simple assault and REAP merged by operation of law and no further penalty was given for the charges.

Lindsay did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On August 15, 2012, Lindsay filed the present, *pro se* PCRA petition.[4] Counsel was retained, who filed an amended PCRA petition on April 9, 2014. After reviewing the matter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing on June 26, 2015. Specifically, the court found the issues raised in the petition lacked merit. Lindsay did not file a response.[5] On July 23, 2015, the PCRA court dismissed Lindsay's petition. This appeal followed.[6]

In his sole argument on appeal, Lindsay contends the PCRA court erred in finding trial counsel was not ineffective for failing to properly investigate and inform Lindsay, prior to waiving his right to a jury trial, that

---

[4] He also filed a *pro se* attachment to his petition on November 26, 2012.

[5] Lindsay did file a *pro se* response on July 15, 2015. However, because he had counsel, his response is a legal nullity. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (explaining that a *pro se* filing presented by an appellant represented by counsel is a "legal nullity").

[6] On August 27, 2015, the PCRA court ordered Lindsay to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Lindsay filed a concise statement on September 17, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 16, 2015.

- 4 -

he could receive an aggregate sentence that was effectively a term of life in prison. *See* Lindsay's Brief at 6.[7]

Our review of an order dismissing a PCRA petition is well-established: we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted), *appeal denied*, 72 A.3d 600 (Pa. 2013). It is well-settled that "there is no absolute right to a hearing pursuant to the PCRA. A petition for post-conviction relief may be denied without a hearing when the court determines that there are no genuine issues concerning any material fact, and that the petitioner is not entitled to relief." *Commonwealth v. Camps*, 772 A.2d 70, 75 (Pa. Super. 2001) (citations omitted); *see* Pa.R.Crim.P. 907.

---

[7] In his argument, Lindsay also argues that trial counsel was ineffective for failing to preserve a weight of the evidence claim. *See* Lindsay's Brief at 20. A review of the record reveals that he did not raise this issue in his PCRA petition. Accordingly, his weight claim is waived for failure to properly preserve it for appellate review. *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal."); *see also* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

With respect to a claim of ineffective assistance of counsel, we are guided by the following:

It is well-settled that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. **Strickland v. Washington**, 466 U.S. 668, 687-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674, (1984). This Court has described the **Strickland** standard as tripartite by dividing the performance element into two distinct components. **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove trial counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. **Id.** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

Regarding the reasonable basis prong of the ineffectiveness test, we will conclude that counsel's chosen strategy lacked a reasonable basis only if the petitioner proves that the alternative strategy not selected offered a potential for success substantially greater than the course actually pursued. **Commonwealth v. Koehler**, 614 Pa. 159, 36 A.3d 121, 132 (Pa. 2012). To establish the prejudice prong, the petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. **Id.**

**Commonwealth v. Elliott**, 80 A.3d 415, 427 (Pa. 2013), *cert. denied*, 135 S.Ct. 50 (U.S. 2014).

Turning to the present matter, Lindsay claims that at the time of his trial and sentencing, counsel was "apparently unaware of the Commonwealth's position that the actions discussed herein constituted two (2) distinct events[, referring to the attempted murder and aggravated assault convictions]. This exposed [Lindsay] to an additional twenty (20)

years of incarceration that was not addressed at trial." Lindsay's Brief at 20.

With respect to the arguable merit prong, Lindsay notes a bill of particulars provides notice to the accused of the offenses charged in the indictment, but a bill of particulars was not filed in this case because it is not routine practice in Philadelphia County. *Id.* at 20-21. He states:

> However, … the Information that was filed in this matter simply indicated the one (1) count of aggravated assault and provided the complainant's name. A seasoned attorney, such as trial counsel in this matter, should be well aware by the time of trial that case law allows consecutive sentences "when a criminal act has been committed, broken off, and then resumed, at least two crimes have occurred and sentences may be imposed on each." *Commonwealth v. Belsar*, 676 A.2d 632 ([Pa.] 1996).
>
> …
>
> The failure to investigate whether [Lindsay] was facing an additional twenty (20) years of state incarceration is no trivial matter. Trial counsel knew or should have known that this was a possibility and acted accordingly.

*Id.* at 21-22.

With regard to the reasonable trial strategy prong, Lindsay alleges: "It appears from the record, that trial counsel had not spent much time, if any, contemplating this issue. As is the case with virtually all cases of failures to investigate, there can be no strategic basis for this course of inaction." *Id.* at 22.

Lastly, with respect to the prejudice prong, Lindsay claims counsel's failure to inform him about the potential time he was facing affected his ability to knowingly and intelligently reject a plea offer and waive the right to

a jury trial. *Id.* Moreover, he argues counsel's actions permitted "the Commonwealth to present testimony that added an additional twenty (20) years to the sentence, without those particular statements being tested through cross-examination. Namely, a determination of whether this was two (2) acts or one (1), which was not determined until approximately ten (10) weeks after the trial concluded." *Id.* at 23.

Here, the PCRA court found the following:

> [Lindsay] has failed to show that his underlying claim has arguable merit. [Lindsay] offers no evidence that his trial attorney was unaware of the possibility that the charges of Aggravated Assault and Attempted Murder would not merge, or that the absence of this information impacted [Lindsay]'s decision to waive his right to a jury trial. The three required pieces of information that must be shared when informing a defendant of his right to waive a jury are "1) that the jury (is) chosen from members of the community, 2) that the accused (is) allowed to participate in the selection of the jury panel, and 3) that the verdict (must) be unanimous." As [Lindsay] is not claiming that he did not understand the difference between a waiver trial and a jury trial, or the rights enumerated above, he has failed to demonstrate that his decision to proceed to a waiver trial was uninformed, or that counsel was ineffective in advising him. [Lindsay] also offers no evidence that plea bargains were offered, let alone turned down because of an erroneously perceived lower sentencing exposure. Furthermore, by [Lindsay]'s own admission, his criminal information included all three of the offenses of which he was ultimately convicted. Because [Lindsay] has not supported his allegations with necessary offers of proof, his claim must fail.

> Even if [Lindsay]'s claims were meritorious, he cannot show that the actions of trial counsel were so unreasonable that no competent lawyer would have chosen them. [Lindsay] asserts that counsel was ineffective for failing "to test this accusation during the trial stage of this matter, as he was unaware of this allegation." In essence, [Lindsay] is asserting that, in order to be effective, trial counsel must anticipate every

- 8 -

aspect of the Commonwealth's strategy, as well as the outcome of the trial. Were this the case, precious few attorneys would pass muster. During trial, counsel took the position – presumably in light of [Lindsay]'s decision to plead not guilty – that the second assault never occurred. Nothing about that strategy is unreasonable. Furthermore, by [Lindsay]'s own admission, the Commonwealth did not raise the argument that [Lindsay]'s conduct constituted separate, distinct acts until sentencing, at which time trial counsel was prepared to argue that the charges should merge, and, in fact, did so even before the District Attorney argued that they should not. While trial counsel's only argument was a legal assertion that Aggravated Assault is a lesser-included offense of Attempted Murder, there were no factual arguments to be made because the facts have already been determined at trial, in favor of the Commonwealth's narrative.

Even assuming that [Lindsay]'s claims have arguable merit and that the actions of trial counsel were unreasonable, [Lindsay] cannot show that he was prejudiced by trial counsel's actions. A showing of prejudice requires some evidence to support [Lindsay]'s claim that he would have accepted a plea offer if he had known about the potentially more severe punishment. Not only does [Lindsay] offer no facts to support this claim, [he] fails to offer any evidence that plea offers were made or what they were, rendering it totally impossible to speculate whether there was a reasonable chance of a different outcome. Because the burden rests with [Lindsay] to allege prejudice, the lack of any supporting facts other than bald allegations will automatically cause [Lindsay]'s argument to fail.

PCRA Court Opinion, 11/16/2015, at 6-8 (citations omitted).

We agree with the PCRA court's well-reasoned opinion. While Lindsay's arguments have failings with respect to all prongs of the ineffective assistance of counsel test, as analyzed by the PCRA court above, we emphasize the following. First, Lindsay fails to explain what any of his complaints have to do his ability to knowingly and intelligently waive the right to a jury trial. We find his assertion regarding the question of whether

- 9 -

attempted murder and aggravated assault crimes merged for sentencing purposes does not go to the elements required to properly inform a defendant of his right to waive a jury. *See Commonwealth v. Houck*, 948 A.2d 780, 787 (Pa. 2008) ("stating the three requirements are as follows: "1) that the jury be chosen from members of the community (i.e., a jury of one's peers), 2) that the accused be allowed to participate in the selection of the jury panel, and 3) that the verdict be unanimous."), *cert. denied*, 555 U.S. 1056 (2008). Indeed, in his argument, Lindsay does not complain that the court did not make him aware of the essential components that are inherent to a jury trial.

Furthermore, we note that contrary to Lindsay's assertion regarding the bill of information, his criminal complaint included both the attempted murder and aggravated assault charges. *See* Criminal Complaint, 7/21/2008, at 1. Likewise, his written jury trial waiver colloquy also indicated the same. *See* Jury Trial Waiver Colloquy, 3/30/2009, at ¶ 38. During his jury waiver colloquy, he stated that no one threatened or forced him to give up his right to a jury trial and he understood his right to have a jury trial. N.T., 3/30/2009, at 4-5. The court also informed Lindsay that that the jury was to be chosen from citizens of the community, he and his counsel were allowed to participate in the selection of the jury panel, and the verdict had to be unanimous. *Id.* at 5. Lindsay also provided testimony regarding both incidents that occurred on July 20, 2008. N.T., 4/20/2009,

at 10-18 (describing his version of events for what happened in the house and outside the house). As such, we can reasonably infer that Lindsay was well aware of the separate crimes he was facing.

Third, and most importantly, we find Lindsay offers no evidence of the existence of a plea offer or even describes the terms of that alleged offer. As such, his argument that he suffered prejudice because counsel's failure to inform him about the potential time he was facing affected his ability to knowingly and intelligently reject a plea offer fails. Further, Lindsay has not demonstrated that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. *See Elliott*, 80 A.3d at 427. Therefore, because the PCRA court's decision is supported by the record and is free from legal error, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017