J-S73030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSE LUIS SANTOS | : | |
| | : | |
| Appellant | : | No. 418 MDA 2017 |

Appeal from the PCRA Order January 30, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002087-1999

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                **FILED JANUARY 22, 2018**

Appellant, Jose Luis Santos, appeals *pro se* from the January 30, 2017

Order, entered in the Dauphin County Court of Common Pleas, dismissing as

untimely his fifth Petition filed under the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541-9546.  We affirm.

On November 17, 2000, a jury convicted Appellant of Rape, Statutory

Sexual Assault, Endangering the Welfare of Children, and Corruption of

Minors.[1]  On March 29, 2001, the court sentenced Appellant to an aggregate

term of 12½ to 25 years' imprisonment.  On June 27, 2002, this Court

affirmed Appellant's Judgment of Sentence.  ***Commonwealth v. Santos***,

No.  926  MDA  2001  (Pa.  Super.  filed  June  27,  2002)  (unpublished

_____

[1] 18 Pa.C.S. § 3121; 18 Pa.C.S. § 3122.1; 18 Pa.C.S. § 4304; and 18
Pa.C.S. § 6301, respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

memorandum).  On November 13, 2002, our Supreme Court denied Appellant's Petition for Allowance of Appeal.  ***Commonwealth v. Santos***, No. 554 MAL 2002 (Pa. filed November 13, 2002).  Appellant's Judgment of Sentence became final on February 11, 2003.[2]

Appellant filed the instant PCRA Petition, his fifth, on August 15, 2016. In his Petition, Appellant alleged the existence of new evidence that established his innocence, and claimed that the Commonwealth had suppressed the evidence during trial.  On January 5, 2017, the PCRA court issued a Notice of Intent to Dismiss Appellant's PCRA Petition pursuant to Pa.R.Crim.P. 907.  Appellant filed a Response to the court's Rule 907 Notice on January 23, 2017.

On January 30, 2017, the PCRA court dismissed Appellant's Petition. Appellant timely appealed.  Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

1. Did the [PCRA] court err in finding that the PCRA Petition was untimely and did not invoke a valid exception to the time limitations and failing to conduct an evidentiary constituting a due process [sic]?

Appellant's Brief at 6.

_____

[2] ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that a Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Before addressing the merits of Appellant's claim, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Appellant's Petition, filed on February 1, 2017, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides as follows:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 3 -

**(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence**; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1-2) (emphasis added).

The exception in Section 9545(b)(1)(ii) requires a petitioner to plead and prove that "1) the facts upon which the claim was predicated were unknown [at the time of trial;] and 2) could not have been ascertained by the exercise of due diligence [prior to trial]." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

In the instant case, Appellant claims that, on July 27, 2016, he "acquired new facts relevant to [his] medical history." Appellant's Brief at 9. Appellant notes that a Commonwealth witness testified at his trial that Appellant had suffered an injury to his penis, and that "an adult male who

- 4 -

attempted to have sexual intercourse with a young girl could injure his penis." *Id.* at 11. Appellant now avers that it was not until July 27, 2016— 16 years after his trial—that he obtained his own medical records regarding a procedure that he underwent on his penis in 1991.[3] He argues that the medical records obtained on July 27, 2016, "clearly establishes [sic] that [] Appellant's penis injury was from the medical procedure and not as a result of an 'adult male attempting to have sexual intercourse with a young girl.'" *Id.* at 11-12. Appellant also avers that these medical records were unavailable to him at the time of trial because the medical records that the Commonwealth had subpoenaed were from York County Hospital and York Memorial Hospital "and the records he received did not support [] Appellant's defense on how his penis injury occurred."[4] *Id.* at 12.

With respect to this claim, the PCRA court aptly noted that the records at issue "are Appellant's **own** medical records which would have been available to him at the time of trial." PCRA Ct. Op., 4/18/17, at 2 (emphasis added). Thus, the court concluded that "the medical records were known to

---

[3] Appellant has appended to his Brief copies of purported medical records, which note that Appellant had a medical procedure to remove warts from his penis resulting from human papilloma virus ("HPV") on December 26, 1991.

[4] The medical records annexed to Appellant's Brief purport to be records of a "YADS PE." It is unclear from these documents what "YADS" is and whether it is affiliated in any way with either York County Hospital or York Memorial Hospital.

Appellant at the time of trial and could have been available by the exercise of due diligence." *Id.*

Appellant also argues, in the alternative that, if his own medical records were available to him at the time of trial, as the PCRA court concluded, then the Commonwealth impermissibly withheld production of them, resulting in a *Brady*[5] violation. *Id.* at 12-13. In these circumstances, Appellant avers, "valid timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(i) is applicable." Appellant's Brief at 13. Appellant's alternate claim lacks merit.

We agree with the PCRA court's conclusions that Appellant's own medical records would have been available to him at the time of trial had he exercised due diligence to obtain them. Moreover, it is also likely that Appellant knew at the time of trial that he had undergone the medical procedure noted in his medical records, thus, this is not a "new fact." Significantly, because Appellant had access to his own medical records at the time of trial—and did not plead or prove that he had requested the instant records and the Commonwealth had failed to produce them[6]—the

_____

[5] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

[6] *See Brady*, 373 U.S. at 87.

Commonwealth did not "suppress" or "withhold" them from him. Accordingly, Appellant failed to prove any exception to the timeliness requirement, and his PCRA petition is, thus, untimely.

Lastly, Appellant claims that he was entitled to a hearing on his PCRA Petition, and that the court's failure to hold such a hearing violated his due process rights. Appellant's Brief at 18-19.

With respect to this allegation, we note that the right to a hearing on a PCRA petition is not absolute. A court may deny a petition for post-conviction relief without a hearing when it determines that there are no genuine issues concerning any material fact, and that the petitioner is not entitled to relief. Pa.R.Crim.P. 907(1); *Commonwealth v. Camps*, 772 A.2d 70 (Pa. Super. 2001). The trial court properly concluded that Appellant had presented no issues of material fact, thus, it properly denied a hearing on his Petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2018

- 7 -