J-S41012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN STRUBLE | : | |
| | : | |
| Appellant | : | No. 1213 EDA 2024 |

Appeal from the PCRA Order Entered March 21, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002640-2022

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 05, 2024**

John Struble (Appellant) appeals, *pro se*, from the order dismissing his first petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We dismiss the appeal.

The facts underlying Appellant's conviction are not relevant to this appeal. On March 27, 2023, Appellant pled guilty to one count of unauthorized use of a motor vehicle.[1] At the time, Appellant was serving a sentence in Northampton County.[2] During the plea hearing, the Commonwealth indicated, "The plea agreement would be an open plea, but the [sentence] would run

_____

[1] 18 Pa.C.S.A. § 3928(a).

[2] During the plea hearing, Appellant's counsel explained that Appellant had received a one- to two-year sentence in "a very similar case in Northampton County." N.T., 3/27/23, at 12.

concurrent with [Appellant's] case in Northampton County." N.T., 3/27/23, at 2. Appellant's counsel indicated, "In addition to the Northampton County case, [Appellant] is also facing a state [parole] violation." *Id.*; *see also id.* at 12 (Appellant's counsel explaining Appellant was on state parole for a separate 2018 case).

Appellant completed a written guilty plea colloquy, and the trial court conducted an extensive oral colloquy, which included the following exchange:

> THE COURT: Question 42 [of the written guilty plea colloquy asked] are you presently on probation or parole; you checked, "Yes," is that correct?
>
> [Appellant]: Yes, Your Honor.
>
> THE COURT: And as I was told, you are under state parole or probation, is that correct?
>
> [Appellant]: Yes, Your Honor.
>
> THE COURT: Okay. **Do you understand that by entering your plea in this matter, [Appellant], you may be subjecting yourself to further punishment in any case for which you're currently on probation or parole?**
>
> [Appellant]: **Yes, Your Honor.**
>
> THE COURT: And with all this in mind, do you still wish to plead guilty?
>
> [Appellant]: Yes, Your Honor.

*Id.* at 7-8 (emphasis added); *see also* Written Guilty Plea Colloquy, 3/27/23, ¶ 43 (Appellant's acknowledgment that his "plea of guilty will trigger a violation of [his] probation or parole and [he] could be sentenced to prison as a result of that violation caused by [his] guilty plea today").

After accepting Appellant's plea as knowingly, intelligently, and voluntarily entered, the trial court imposed a sentence of 9 to 24 months' imprisonment. In accordance with the plea agreement, the trial court indicated the sentence "shall run concurrently with any other sentence [Appellant] is currently serving." Sentencing Order, 3/27/23. No post-sentence motion or direct appeal followed.

Appellant's conviction in the instant case apparently resulted in a parole violation in the 2018 case.[3] On November 7, 2023, Appellant filed the instant, timely *pro se* PCRA petition. Appellant alleged his plea agreement called for a "concurrent sentence" with "no extra time served on [Appellant's] old sentence." PCRA Petition, 11/7/23, at 4. However, Appellant alleged, the Parole Board "made the new sentence consecutive." *Id.*; *see also id.* at 3 (alleging the Parole Board did not uphold Appellant's plea agreement).

_____

[3] Neither Appellant's brief nor the record below makes clear the circumstances of Appellant's prior sentence (or sentences), his parole violation, or the consequences of his violation. Appellant attached to his PCRA petition an August 15, 2023, Order to Recommit issued by the Pennsylvania Board of Probation and Parole (Parole Board or the Board). The order appears to identify unexpired sentences in two Northampton County cases and a previous Lehigh County case, each with a minimum sentence date of September 2, 2021. *See* Order to Recommit, 8/15/23. The order indicates Appellant had been paroled on December 22, 2021. *Id.* The order states Appellant "was conditionally released on parole by" the Parole Board and "has been found by the Board to have violated the conditions of parole." *Id.* The order does not identify the grounds for the violation, but states that "the Board … orders [Appellant] recommitted for further imprisonment for the remainder of the unexpired maximum term, or until otherwise discharged according to law." *Id.* As a result of the violation, the Parole Board recomputed Appellant's maximum sentence date from August 1, 2026, to February 26, 2028. *Id.*

Appellant alleged he "was made a false promise" and "entered into an illegal agreement." *Id.* at 4. He asserted claims of ineffective assistance of plea counsel and violation of his due process rights. *Id.* at 3. Appellant requested correction of his sentence to give him the "[b]enefit of the bargain." *Id.* at 6.

The PCRA court appointed new counsel (PCRA counsel) to represent Appellant. On December 14, 2023, PCRA counsel filed a motion to withdraw and a *Turner*/*Finley*[4] "No Merit" letter. The motion averred PCRA counsel "has undertaken a thorough review of the case file" and "determined that there [are] no meritorious issues to raise." Motion to Withdraw, 12/14/23, ¶¶ 4-5. In the letter, PCRA counsel advised Appellant his plea agreement did not "include anything about [Appellant's] state parole violation," and that Appellant was in fact "sentenced in accordance with" his plea agreement. *Id.*, Attachment at 3 (unpaginated). PCRA counsel further advised that the PCRA court "does not have jurisdiction to hear objections to Parole Board decisions," and if Appellant "would like to appeal the Parole Board decision" he must "do so through the Commonwealth Court." *Id.* PCRA counsel informed Appellant that if the PCRA court granted counsel's motion to withdraw, Appellant had the option of representing himself or hiring counsel of his choosing. *Id.*

On February 29, 2024, the PCRA court held a hearing on PCRA counsel's motion to withdraw. On March 12, 2024, the PCRA court granted the motion

_____

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to withdraw and issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. The PCRA court determined, *inter alia*:

> As a matter of law, [Appellant's] claim must fail. "[I]t is well settled that the [Parole Board] has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years[.]" ***Commonwealth v. Camps***, 772 A.2d 70, 74 [(Pa. Super. 2000)]. Because of this, "a PCRA petition is not the proper avenue for challenging [a] determination of the Parole Board." ***Id.*** at 75.

Rule 907 Notice, 3/12/24, at 1 n.1.

On March 21, 2024, Appellant filed a *pro se* response to the Rule 907 Notice. On the same date, the PCRA court entered a final order dismissing Appellant's petition. Appellant filed a timely notice of appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

We observe that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Westlake***, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citation omitted). "To the contrary, any person choosing to

represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

*Pro se* litigants "must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects [in an appellant's brief], we will be unable to perform appellate review." *Vurimindi*, 200 A.3d at 1038 (citation omitted). "Briefs … shall conform in all material respects with the requirements of" the Pennsylvania Rules of Appellate Procedure "as nearly as the circumstances of the particular case will admit." Pa.R.A.P. 2101. If the defects in an appellant's brief "are substantial, the appeal … may be quashed or dismissed." *Id.*

Instantly, we observe that Appellant's three-page, handwritten brief is substantially defective. Appellant sets forth two garbled questions presented which, to the extent we can discern their meaning, do not clearly correspond any of the thirteen issues raised in Appellant's Pa.R.A.P. 1925(b) concise statement. *See* Appellant's Brief at 1-2; Concise Statement, 4/26/24, at 1-3 (unpaginated). "It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020); *see*

*also* Pa.R.A.P. 1925(b)(4)(vii) (stating issues not included in the concise statement are waived).

Moreover, Appellant's brief lacks most of the sections which our appellate rules require an appellant's brief to include. *See* Pa.R.A.P. 2111(a) (requiring an appellant's brief to include, *inter alia*, a statement of jurisdiction, order in question, statement of both the scope and standard of review, summary of argument, and argument). Notably, Appellant's brief contains no distinct argument section, but rather advances its only discernible argument in its one-page statement of the case. *See* Appellant's Brief at 2.[5] There, Appellant includes two purported citations to authorities, but his citations are erroneous and do not correspond to any actual authorities. *Id.* "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Bertothy*, 307 A.3d 776, 780 n.2 (Pa. Super. 2023) (citation omitted); *see*

_____

[5] To the extent Appellant claims his plea agreement in this case provided that he would suffer no additional punishment for his parole violation, his claim is belied by the record. At his plea hearing, Appellant confirmed his understanding that "by entering [his] plea in this matter, … [he] may be subjecting [him]self to further punishment in any case for which [he is] currently on probation or parole[.]" N.T., 3/27/23, at 7-8. Additionally, our review of the transcripts confirms the parties discussed their agreement to concurrent sentencing only on the Northampton County case. Appellant's counsel referred to the parole violation as a separate matter. *See id.* at 2, 12.

*also* Pa.R.A.P. 2119(a) (requiring discussion and citation of pertinent authorities).

Appellant's substantially defective brief hampers our ability to conduct meaningful appellate review. Accordingly, we dismiss the appeal. *See* Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2024