J-S07009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                           :          PENNSYLVANIA
                                           :

v.                              :
                                         :

ROBERT WILSON DENT            :
                                         :

          Appellant          :   No. 1111 MDA 2024

Appeal from the Order Dated May 28, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-MD-0000926-2024

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY NICHOLS, J.:        **FILED APRIL 15, 2025**

Appellant Robert Wilson Dent appeals *pro se* from the order denying his petition for a writ of *habeas corpus*. He contends that the trial court erred by concluding that it did not have jurisdiction to address Appellant's petition challenging a Parole Board detainer. Because Appellant's claim is properly decided by the Commonwealth Court, we transfer the appeal.

By way of background, on March 25, 2024, Appellant filed a petition for a writ of *habeas corpus* in Forest County. On April 2, 2024, the Honorable Gregory J. Hammond of the Forest County Court of Common Pleas entered an order transferring Appellant's petition to the Berks County Court of Common Pleas. On May 28, 2024, the Honorable Thomas G. Parisi of the Berks County Court of Common Pleas denied Appellant's petition. Appellant filed a timely notice of appeal with the Forest County Prothonotary's Office on June 24, 2024. That same day, Judge Hammond entered an order transferring the

notice of appeal to Berks County.[1]  Both Appellant and Judge Parisi complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the lower court erred abusing its discretion by construing Appellant's *habeas corpus* petition challenging the legality of his detention, based upon a Parole Board detainer lodged against him as a criminal rather than a civil matter and dismissing the petition without prejudice due to a perceived lack of jurisdiction?

Appellant's Brief at 4.

Initially, we discuss whether we have jurisdiction, which we may raise *sua sponte*.  **See Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa. Super. 2017).  This Court may, on its own motion, transfer any appeal to the Commonwealth Court.  **See** Pa.R.A.P. 752(a); **see also** 42 Pa.C.S. § 5103 (governing the transfer of cases erroneously filed in the wrong court).  It is well-established that "appeals from administrative parole orders are within the exclusive jurisdiction of the Commonwealth Court."  **Commonwealth v. McDermott**, 547 A.2d 1236, 1240 (Pa. Super. 1988) (citations omitted); **see also Commonwealth v. Camps**, 772 A.2d 70, 74-75 (Pa. Super. 2001) (stating that "the Commonwealth Court maintains exclusive jurisdiction over appeals from administrative parole orders" (citation omitted)).

---

[1] The Berks County Clerk of Courts docketed Appellant's notice of appeal on July 2, 2024.  **See** Pa.R.A.P. 905(a)(4) (providing that if a notice of appeal is mistakenly filed in incorrect office within the unified judicial system, the clerk shall stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from and the appeal is deemed filed on the date it was originally filed).

Here, Appellant filed a petition for a writ of *habeas corpus* in the trial court challenging the legality of his detention pursuant to a detainer that the Pennsylvania Parole Board had lodged against him. Appellant's Brief at 10-14. As noted previously, appeals relating to Parole Board orders are within the exclusive appellate jurisdiction of the Commonwealth Court. **See Camps**, 772 A.2d at 74-75; **McDermott**, 547 A.2d at 1240. For these reasons, we transfer this appeal to the Commonwealth Court. **See** Pa.R.A.P. 752(a).

Case transferred to Commonwealth Court. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/15/2025